IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHINAIS ACOSTA ROBLEDO<br><br>Plaintiff,<br><br>v.<br><br>FURIEL AUTO CORP. and<br>FRANCISCO FURIEL RAMOS-MARTÍNEZ<br><br>Defendants. | CIVIL NO.: 14-1693 (MEL) |

**AMENDED OPINION AND ORDER**

**I.    PROCEDURAL HISTORY**

On January 10, 2013, Chinais Acosta-Robledo ("Acosta-Robledo" or "plaintiff") filed an amended complaint against Furiel Auto Corp. ("Furiel Auto") and Francisco Furiel Ramos-Martínez ("Ramos-Martínez") (collectively "defendants"), alleging claims pursuant to Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act, 42 U.S.C. 2000(e), *et seq.*, and for violations of rights guaranteed by the P.R. Const., Art. II, §§ 1, 16, and numerous local statues, including Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 § 146, *et seq.* ("Law 100"), Law No. 69 of July 6, 1985 ("Law 69"), P.R. Laws Ann. tit. 29, § 1321, *et seq.*, Law No. 17 of April 22, 1988, P.R. Laws An. Tit. 29 § 155, *et seq.* ("Law 17"), and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 5141-5142. ECF No. 24. Pending before the court is defendants' motion to dismiss claims under Articles 1802 and 1803 of the Puerto Rico Civil Code, 32 Laws Ann §§ 5141-5142 and plaintiff's response in opposition. ECF Nos. 31; 32. For the reasons that follow, defendants' motion to dismiss is granted.

## II. LEGAL ANALYSIS

When considering a motion to dismiss under Rule 12(b)(6), the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 72 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id. An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.

Article 1802 provides that a person who "causes damages to another through fault or negligence" shall be liable in damages. P.R. Laws Ann. tit. 31, § 5141. A plaintiff may not bring claims under Articles 1802 and 1803 based on the same allegations which underlie a pregnancy discrimination claim pursuant to Law 100. Medina v. Adecco, 561 F.Supp.2d 162, 176 (D.P.R. 2008) (dismissing Article 1802 claim based on the same conduct that supports her claims under Law 80, Law 100, Law 69, and Law 3 as the plaintiff did not alleged any independently tortious conduct); Zayas-Nuñez v. Selectos Campo Rico, Inc., No. CIV. 14-1464 GAG, 2014 WL 5817537, at 5 (D.P.R. Nov. 10, 2014) (dismissing tort claims under Article 1802 as precluded by Law 17, Law 69, and Law 100 claims). A review of the amended complaint does not reveal allegations of any tortious conduct that is distinct and independent from that which is related to plaintiff's sexual harassment and discrimination claims related to her pregnancy. See ECF No. 24. In short, the allegations set forth in the amended complaint for which the plaintiff seeks damages are covered by special labor legislation. For the foregoing reasons, defendants' motion

to dismiss (ECF No. 31) is **GRANTED**. Plaintiff's claims against defendants under Articles 1802 and 1803 of the Puerto Rico Civil Code, 32 PR Laws Ann. §§ 5141-5142 are **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of March, 2015.

s/Marcos E. López  
U.S. Magistrate Judge