IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHINAIS ACOSTA ROBLEDO, <br><br> Plaintiff, <br><br> v. <br><br> FURIEL AUTO CORP., et al. <br><br> Defendants. | CIVIL NO.: 14-1693 (MEL) |

**OPINION AND ORDER**

### I.   PROCEDURAL HISTORY

On September 10, 2014, plaintiff Chinais Acosta Robledo ("plaintiff") filed an amended complaint against Furiel Auto Corp. ("Furiel Auto") and Furiel Ramos Martínez (collectively "defendants") alleging discrimination on the basis of sex and condition of pregnancy in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act, 42 U.S.C. 2000(e), *et seq.*, and for violations of rights guaranteed by the P.R. Const., Art. II, §§ 1, 16, and numerous local statutes including Law No. 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, § 146, *et seq.*, Law No. 69 of July 6, 1985 ("Law 69"), P.R. Laws Ann. tit. 29 § 1321, *et seq.*, Law No. 17 of April 22, 1988 ("Law 17"), P.R. Laws Ann. tit. 29 § 155, *et seq.*, and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 1541-1542. ECF No. 24. On March 11, 2015, the Court dismissed with prejudice plaintiff's claims under Articles 1802 and 1803 of the Puerto Rico Civil Code. ECF No. 37. On June 19th, 2015, the Court dismissed with prejudice the plaintiff's Title VII claims against Furiel Ramos Martínez. ECF No. 42. On October 9, 2015, ruling on defendants' motion for summary judgment, the court dismissed with

prejudice the plaintiff's Title VII hostile work environment and Law 17 claims. ECF No. 68. Thus, only plaintiff's Title VII disparate treatment claim against Furiel Auto and plaintiff's Law 100 and Law 69 claims against both defendants remain for trial. Pending before this court are defendants' motion in limine to exclude certain pieces of evidence (ECF No. 74) and the plaintiff's response in opposition (ECF No. 76).

## II.    WHATSAPP PRINTOUT

Defendants seek to exclude what plaintiff describes as a "[p]rintout of the *WhatsApp* account which include a picture of an erected black male penis purported to be a *Snicker* chocolate bar" ("WhatsApp printout"). ECF No. 73, at 36. The defendants argue that the WhatsApp printout is irrelevant under Fed. R. Evid. 401 as it relates only to the dismissed hostile work environment claims, and that it is unduly prejudicial under Fed. R. Evid. 403.[1] ECF No. 74, at 3–4. Plaintiff concedes that the "events that Plaintiff seeks to put forward through [the WhatsApp printout] are not actionable." ECF No. 76, at 3. However, according to plaintiff, it is admissible as evidence of the pattern of discrimination she experienced as a result of her pregnancy, particularly when combined with allegations that "she was sent to work to a department exclusively comprised of male, forced to use their bathroom, [and] forced to drive around Defendants' primarily male customers." Id.

Under Fed. R. Evid. 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." To determine the relevancy of this WhatsApp printout it is important to compare the legal standards of plaintiff's remaining disparate treatment claim with her dismissed hostile work environment claim. A disparate treatment claim requires proof that the plaintiff is

---

[1] Fed. R. Evid. 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

pregnant, and her job performance has been satisfactory, but that Furiel Auto nonetheless took **adverse employment action** against her while continuing to have her duties performed by a comparably qualified individual. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 54 (1st Cir. 2000) (emphasis added). In comparison, hostile work environment claims require, inter alia, proof that plaintiff was pregnant, subjected to **unwelcome harassment** based on her pregnancy status that was sufficiently pervasive or severe as to alter the conditions of her employment and create an abusive work environment. See Valentín-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 94 (1st Cir. 2006) (emphasis added). Thus, the focus of a disparate treatment claim is conduct that constitutes adverse employment action rather than unwelcome harassment. "An 'adverse employment action' is one that 'affect[s] employment or alter[s] the conditions of the workplace,' and typically involves discrete changes in the terms of employment, such as 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'" Morales-Vallellanes v. Potter, 605 F.3d 27, 35 (1st Cir. 2010) (internal citations omitted) (alterations in original).

Plaintiff's pleadings consistently refer to the WhatsApp picture as sexual harassment and states that it is when "[t]he hostile and offensive work environment against Plaintiff reached a very sickening level." ECF Nos. 24, ¶ 42 (Amended Complaint); 59, at 9 (Memorandum in Opposition to the Motion for Summary Judgement). In fact, even after the court dismissed the hostile work environment claim, the plaintiff's statement of facts in the Proposed Joint Pre-Trial Order refers to the WhatsApp printout using the same language regarding sexual harassment and a hostile and offensive work environment.[2] ECF No. 73, at 7. As this court noted in ruling on the motion for summary judgement regarding the WhatsApp picture,

---

[2] "The hostile and offensive work environment against the Plaintiff reached a very sickening level when on or about December 1, 2014, Plaintiff was sexually harassed when she was tagged with a picture of an erected black male

> the plaintiff admits that this picture was not directed at her. ECF No. 55-1 at 271:10–12. Plaintiff was one of multiple people that could view a conversation in WhatsApp. ECF No. 59-2, ¶ at 14. The message containing the picture was part of a conversation between Pablo Maldonado Olivieri and John Aviles. ECF No. 55-1 at 270:2–271:8.

ECF No. 68, at 18. Additionally all the caselaw cited by plaintiff in relation to this question is inapposite.[3] The cited cases concern continuing violation cases, where certain factual claims were time barred, but others are now properly before the court. This time barred evidence "may constitute relevant background evidence in a proceeding in which **the status of a current practice is at issue**." United Air Lines, 431 U.S. at 558 (emphasis added); see also, Rathbun, 361 F.3d at 76 ("A discriminatory act or practice that is not the basis for a timely charge of discrimination nonetheless may constitute relevant background evidence in a proceeding in which **the same type of discriminatory act or practice** has been timely challenged") (emphasis added). Not only is this not a case involving a continuing violation, but also the WhatsApp printout does not relate to a current practice being challenged in the disparate treatment claim. Plaintiff fails to show how viewing a conversation involving a sexual explicit imagine is sufficiently similar to the conduct properly considered in plaintiff's disparate treatment claim, including working in an all-male department, using a male restroom (along with all the other female employees)[4], or driving primarily male customers. Thus, the WhatsApp picture does not relate to a fact of consequence in determining plaintiff's disparate treatment or related Puerto Rico law claims under Fed. R. Evid. 401, and the defendant's motion to exclude the WhatsApp printout is GRANTED.

---

penis purported to be a *Snicker* chocolate bar in a *WhatsApp* account used by employees of Furiel Auto to conduct its business." ECF No. 73, at 7.

[3] This caselaw includes United Air Lines, Inc. v. Evans, 431 U.S. 553 (1977), O'Rourke v. City of Providence, 235 F.3d 713 (1st Cir. 1997), Morrison v. Carleton Woolen Mills, Inc., 108 F.3d 429 (1st Cir. 1997), Acevedo Garcia v. Monroig, 351 F.3d 547 (1st Cir. 2003), Rivera Torres v. Ortiz-Velez, 341 F.3d 86, 98 (1st Cir. 2003), and Rathbun v. Autozone, 361 F.3d 62, 76 (1st Cir. 2004).

[4] ECF Nos. 68, at 17; 55-1 at 164: 1–23.

### III.   DEFENDANTS' MEMORANDUM

Next defendants seek to exclude Defendants' Memorandum dated January 16, 2014 ("defendants' memorandum"). This memorandum states that "[t]he employee who has been absent for two (2) consecutive days or more, has the **legal obligation** of presenting a medical certification issued by a Physician authorized and/or licensed to practice medicine in Puerto Rico." ECF No. 64-4. Defendants argue that the defendants' memorandum is irrelevant under Fed. R. Evid. 401 as it did not become effective until after plaintiff was allegedly required to submit a medical certificate. ECF No. 74-1, at 4. Plaintiff concedes that the defendants' memorandum was adopted after the plaintiff's certificate was requested, but argues that the memorandum is still relevant because even under the current, more stringent policy "Plaintiff, ordinarily, would not have been asked to bring a medical certificate merely for a single day of absence." ECF No. 76, at 3. The defendants also argue that this court's opinion and order on the motion for summary judgment provides additional grounds for exclusion. ECF No. 74-1, at 4. In the opinion and order, the court concluded that one instance of requiring the plaintiff to submit a medical certificate was not sufficient to sustain plaintiff's hostile work environment claim.

As this court previously noted, "this memorandum was distributed at least a month after plaintiff's absence." ECF No. 68, n5. The relevant question for trial is whether defendants' request for a medical certificate was or was not consistent with company policy or practice at the time the request was made. Plaintiff's argument regarding the current policy does not, as Fed. R. Evid. 401 requires, have a tendency to make the validity of this request more or less probable. The fact that the policy outlined in the defendants' memorandum is allegedly more stringent than the previous policy is irrelevant for determining the policy or procedure in place at the time of

the request. Defendants' motion to exclude the defendants' memorandum is therefore GRANTED.

Counsel shall instruct their respective witnesses not to mention the WhatsApp picture or defendants' memorandum at trial.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26 of October, 2015.

s/Marcos E. López
U.S. Magistrate Judge